[Civ. No. 60817. Second Dist., Div. Five. Sept. 11, 1981.]

BEVERLY HIGGINS, as Trustee, etc., Plaintiff, Cross-defendant and Appellant, v.
GORDON P. DEL FARO et al., Defendants, Cross-complainants and Respondents;
VAN R. DENTAL PRODUCTS, INC., Cross-defendant and Respondent.

Counsel

Nordman, Cormany, Hair & Compton, Michael C. O'Brien and Glen M. Reiser for Plaintiff, Cross-defendant and Appellant.

J. Gregg Evans and Robert T. Moulton for Defendants, Cross-complainants and Respondents.

Hathaway, Perrett, Webster & Powers and Paul D. Powers for Cross-defendant and Respondent.

OPINION

HASTINGS, J.—This is an appeal by Beverly Higgins, plaintiff, trustee of the Matthew Trust, from a judgment on the pleadings after her motion to amend her pleadings on the day of trial was denied by the trial court.

Plaintiff commenced the litigation on or about December 1, 1978, by filing a one-count complaint for specific performance against Gordon P. Del Faro and ten Does. The complaint alleged that plaintiff agreed to buy property owned by defendants pursuant to an agreement that was attached to the complaint as exhibit A and made a part thereof by reference. The total consideration was $297,000, of which $84,000 was to be paid in cash and $213,000 by a promissory note, secured by a deed of trust on the property. The escrow instructions attached as exhibit A were signed only by plaintiff.

Defendant Del Faro filed a demurrer to the complaint, stating that the escrow agreement (exhibit A) was not the agreement between the parties and therefore no cause of action was stated. This general demurrer to the complaint was overruled by the court.

On January 26, 1979, respondent, Van R. Dental Products, Inc. (Van R. Dental) filed a complaint against Del Faro et al., for specific performance in regard to the same real property. This complaint alleged that Del Faro has agreed to sell to Van R. Dental, the property for the cash sum of $297,000 but the agreement also contained the proviso that it was subject to successful cancellation of the prior escrow (Higgins-Del Faro Escrow).

Shortly thereafter, Del Faro, et al., filed a cross-complaint in both of the above mentioned actions for declaratory relief which sought to determine which, if either of the two plaintiffs, was entitled to the transfer

of the real property. All of the above cases were consolidated into one action (hereinafter referred to as the declaratory relief action).

On November 29, 1979, Van R. Dental filed a motion for summary judgment in the declaratory relief action but the motion for summary judgment was never heard. The declaratory relief action itself came on regularly for trial a few days later, namely, December 19, 1979. At this time plaintiff made a motion to amend her complaint and made an offer of proof in support of the amendment. After a great deal of argument by all parties, the court denied the motion to amend and granted a judgment on the pleadings in favor of Del Faro, Van R. Dental and others in privity with them.

Plaintiff's basic argument is that the escrow instructions (exhibit A) were mistakenly attached to the complaint as the agreement of sale. There was in fact an underlying agreement of sale consisting of her offer (standard form deposit receipt) and a counteroffer by Del Faro (standard form) culminating in an acceptance by plaintiff. The escrow instructions, according to plaintiff, merely embodied the terms of the written agreement. Her amendment most simply expressed would have substituted the written agreement in place of the escrow instructions.

Del Faro and Van R. Dental argued that plaintiff's cause of action was based solely on the escrow instructions, which were not signed by Del Faro, and therefore any amendment would be on an entirely different contract, thereby changing the theory of plaintiff's cause of action.

Plaintiff's principal contention on appeal is that the amendment did not change her cause of action; that defendants knew that the escrow instructions merely embodied the original agreement and therefore they were not misled nor prejudiced by the amendment; and that liberal rules of pleading permit amendments even on date of trial or later in the trial to conform to proof where no prejudice is shown.

## DISCUSSION

The original record on appeal does not contain the deposit receipts alleged to constitute the written agreement between the parties. A reading of the reporter's transcript does not indicate whether the judge read the deposit receipt or receipts. The court's decision appears to be based upon offers of proof made by plaintiff and rebuttal arguments

made by defendants. We have concluded that the court erred in granting the judgment on the pleadings and the offer of proof was such that the court should have proceeded with the trial after permitting the amendment.

Plaintiff's offer of proof can be summarized as follows: Offers to sell and purchase the property were made by plaintiff and Del Faro by separate deposit receipts that were transmitted to each party. There was no initial deal made because changes were suggested by both parties. Finally, however, deposit receipts containing the agreement were signed by both parties.[1]

The escrow instructions (exhibit A) state that the property to be conveyed consists of 5.46 acres. Counsel for plaintiff in addressing the court stated: "The dispute in this case that is going to come up, is whether or not there was an identical set of escrow instructions signed both by Mrs. Higgins and by the seller. In fact, there was not. But the only difference was that the one signed by Mrs. Higgins said that the subject property consists of five acres. The one signed by the seller says the subject property consists of approximately five acres. So, we've got that argument to resolve." Counsel then, in answer to a question by the court, stated that identical escrow instructions were signed by both parties except the one signed by defendant Del Faro said approximately five acres.

Counsel for plaintiff maintained, however, that this issue was negligible and pointed out to the court that the listing by Del Faro on the property advertised it as 5.46 acres and the deposit receipt also signed by the parties agreed it was 5.46 acres. He further argued that his client was not concerned by the exactness provided the property involved was what they contracted for and that they were willing to accept the conveyance based upon that determination.

---

[1]The above interpretation of the transaction is based upon the following oral statement by plaintiff's counsel to the court: "We would offer to move that there were a set of escrow ... but first of all, there was a deposit receipt signed by Mrs. Higgins as trustee and signed by the seller that is identical; the same document took the form of a counter offer that was made by the seller that was accepted by the trust.... Addressing myself only to the deposit receipts that I offered the Court. They have been signed. I would point out, again, that they have been signed, different documents and counterparts, and the only difference between the two documents is that the one signed by the seller uses the word approximately in front of the language which describes the size of the property, and that in all other respects the documents are identical and have, in fact, been signed by the seller and the buyer ...."

One other minor disagreement arose concerning the escrow instructions between the parties. Plaintiff apparently wanted an additional provision that the escrow could be continued 90 days if it was not closed after the original 90 days. In connection with this problem plaintiff's counsel stated to the court: "What the seller could have done is when the buyers said, 'Well, I want additional provisions about the additional 90 days in the escrow instructions,' he could have said, 'No, we've got a contract and it says 90 days in there; that's all we're going to give you.' [¶] That's not what happened. They said, 'I'll give you that, but I want to change the language a little bit to make clear that its only going to be a 90-day extension.' [¶] We said, 'Fine.' ..."

As stated earlier, respondents claim the motion to amend on the day of trial was too late, particularly, when the amendment sought to base the cause of action on an entirely different document than pleaded in the complaint. They also argued that there was no meeting of the minds or mutual agreement between the parties because of the disagreement concerning the acreage and the 90-day extension of the escrow requested by plaintiff.[2]

The court after hearing initial arguments stated: "I am satisfied that there probably isn't any great prejudice except in what may protract the trial a little bit here." However, after hearing further argument by counsel for the defendants the court determined that there would be prejudice and granted the motion for judgment on the pleadings. By statements made by the court at a subsequent hearing on a motion for new trial it appears it considered that Van R. Dental was prejudiced because its cash offer was on deposit and was not bearing interest.[3]

We can quickly dismiss the prejudice issue because in the context of this case it is quite minor. The court's first impression was more realistic when it said that it found little prejudice. Had the court granted the

---

[2]Del Faro argued that this demand by plaintiff had the legal effect of rescinding the original agreement as set forth in the deposit receipts. This is not borne out by the record. The identical escrow instructions (except for the acreage dispute) disclose that this issue was resolved and the parties had a meeting of the minds. The acreage issue would be automatically resolved according to the terms of the agreement.

[3]The court stated: "What is going on here is the fact that you have one purchaser who has for a long period of time put up almost $300,000 in deposits and is losing interest. On the other hand, Mr. O'Brien's client with a mere deposit of a thousand dollars, or whatever it is, ... has tied up that piece of property for going on almost a year now and continues to do it."

motion at most the trial would have been delayed only a few days. This case would have moved much more expeditiously to a close than it has under the present ruling. Furthermore, we question the court's concern of prejudice to Van R. Dental. Its purchase was made after the agreement with Del Faro and plaintiff and was conditioned on a resolution in favor of Del Faro of the Higgins lawsuit.

Escrow instructions generally (there are exceptions) are not the written agreement between the vendor and vendee in real estate transactions. Usually, the deposit receipt or receipts or a written separate agreement are the actual contract and the escrow instructions merely contain the terms of the agreement along with the procedural steps necessary to conclude the sale. Certainly, defendants in our present case could have and should have anticipated that plaintiff would offer in evidence the deposit receipt or receipts signed by the parties that would establish the agreement between them and verify that the escrow instructions (exhibit A) properly contained the terms of the sale.[4] Plaintiff's counsel stated to the court that it was their intention to introduce the deposit receipts during trial and then move for an amendment to the pleadings to conform to proof. However, because defendants moved for a judgment on the pleadings before plaintiff's case could be presented, it was necessary for plaintiff to make the motion to amend earlier than anticipated.

The competency of respondents' counsel is fully demonstrated by the record and it is clear that they could not have been surprised by plaintiff's motion. Absent surprise, they were not prejudiced and the case could easily have continued on the merits immediately or only after a few days' continuance if one had been requested.

 A court, at any time before or after commencement of trial, may allow an amendment to a pleading in furtherance of justice. (Code Civ. Proc., § 576.) Where no prejudice is shown to the adverse party, the liberal rule of allowance prevails. In *MacIsaac* v. *Pozzo* (1945) 26 Cal.2d 809 [161 P.2d 449], the reason behind our liberal policy was stated as follows (pp. 815-816): "'If plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, the court, on motion for judgment on the pleadings, should, on his application so

---

[4]Del Faro knew there was a signed agreement between the parties. It is not denied. Nor is there any affirmative defense that the agreement itself was defective. Respondents seek to prevail on subsequent events, that at most should only be resolved *after* the motion to amend was allowed.

to do, permit him to amend.' . . . The granting of the motion without leave to amend would in many cases be an absolute denial of justice, and is directly opposed to the policy of the law that cases should be tried and decided on the merits." And in *Estate of Hunter* (1961) 194 Cal.App.2d 859, 865 [15 Cal.Rptr. 556], the court said: "The rule is well established that great liberality will be used in allowing amendments and where an amendment provides '"merely the addition of matters essential to make the original cause of action complete"' the amendment should certainly be allowed by the court. [Citation.] Such an amendment effects no change in the nature of the case, and can therefore cause no surprise or prejudice to the adverse party. [Citations.]"

■ A motion for judgment on the pleadings is treated from a legal standpoint the same as a general demurrer, consequently the facts alleged in the complaint must be assumed to be true and liberally construed in favor of the party against whom the motion is made. (*Pacific Architects Collaborative v. State of California* (1979) 100 Cal.App.3d 110 [166 Cal.Rptr. 184]; *Tiffany v. Sierra Sands Unified School Dist.* (1980) 103 Cal.App.3d 218 [162 Cal.Rptr. 669].)

■ In our present case plaintiff does state a cause of action, to wit, an agreement to purchase certain real property from defendant Del Faro. The basic agreement with all of the essential terms was set forth in the escrow instructions and incorporated in the complaint. The technical mistake (attaching the wrong document) is easily resolved by an amendment.

We address one other issue that initially concerned us. The original demurrer to the complaint should have notified plaintiff of the insufficiency of her pleadings and the amendment should have been made at that time. However, the judge (the same judge by the way that later ruled that the pleadings did not state a cause of action) overruled the demurrer. Had the demurrer been sustained, an amendment was in order, and the issue now before this court would probably have been resolved. Also, the overruling of the demurrer led plaintiff to believe a cause of action had been stated and that they could introduce evidence to support it at trial. The court's change of mind under the circumstances was clearly unfair to plaintiff.

In sum, respondents and their attorneys could not have been prejudiced or misled by the mistake that occurred so that they were totally

unprepared to defend the case on its real merits, to wit, was there a valid contract of sale between Del Faro and plaintiff that would support an action for specific performance. Indeed, the superior court file demonstrates that all the parties had seen the deposit receipts comprising the alleged agreement (they were included in the file as exhibits). It was obvious that they would be the backbone of plaintiff's case. The motion to amend should have been granted.

The judgment is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.