[No. G008256. Fourth Dist., Div. Three. Aug. 31, 1989.]

KITTREDGE SPORTS COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARKER, U.S.A., Real Party in Interest.

COUNSEL

Parkinson, Wolf & Leo, Cheryl P. Martinsen, R. Lynn Schwartz and Stefanie M. Hall for Petitioner.

No appearance for Respondent.

Schaffer & Lax and Cecilia A. Perkins for Real Party in Interest.

OPINION

SONENSHINE, J.—Kittredge Sports Company (Kittredge) petitions for relief after the superior court denied its motion to amend the complaint. We conclude the trial court abused its discretion and grant the relief sought.

## I

Kittredge rented skis to Maureen Rush, who injured her knee when the bindings failed to release. In April 1985 she filed a personal injury lawsuit against Kittredge for negligence and products liability.

Kittredge tendered its defense to the manufacturer of the bindings, Marker, U.S.A. (Marker) based on a retail agreement providing express indemnification for products liability. Marker refused to defend the retailer, and in February 1986 Kittredge responded by filing this independent action against Marker for breach of its agreement. Kittredge settled with Rush in November 1988.

In March 1989 Kittredge sought to amend the complaint to add causes of action for breach of the covenant of good faith and fair dealing and tortious denial of the existence of the contract. The trial court denied Kittredge's motion, and this writ petition followed.

## II

The trial court has discretion to allow amendments to the pleadings "in the furtherance of justice." (Code Civ. Proc., § 473.) This discretion should be exercised liberally in favor of amendments, for judicial policy favors resolution of all disputed matters in the same lawsuit. (See *Nestle* v. *Santa Monica* (1972) 6 Cal.3d 920, 939 [101 Cal.Rptr. 568, 496 P.2d 480].) Marker acknowledges this general principle but argues the court's ruling was proper because the law does not recognize a cause of action in tort for the mere denial of liability under the contract. It also contends no action for breach of the implied covenant of good faith and fair dealing lies under these circumstances.

Marker misses the point. Our Supreme Court in *Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752 [206 Cal.Rptr. 354, 686 P.2d 1158] recognized a tort remedy for denying the existence of a contract in bad faith and without probable cause. (*Id.,* at p. 769.) Relying on *Oki America, Inc.* v. *Microtech Intern., Inc.* (9th Cir. 1989) 872 F.2d 312, Marker claims the tort arises only when a party denies the *existence* of a contract, not merely *liability*. The issue in *Oki,* however, was whether the party who allegedly breached the contract was entitled to summary judgment; the right of an aggrieved party to sue for damages in the first instance was tacitly acknowledged. Thus, Kittredge's right to bring this action is

clear for Marker's argument merely raises a factual dispute to be resolved by a jury.

Moreover, it is not at all clear an aggrieved party is limited to contract damages for a bad faith denial of contractual liability. *Oki* assumes this is the law in California, but fails to mention contrary authority. (See, e.g., *Radell* v. *Comora* (1989) 211 Cal.App.3d 1244, 1255 [259 Cal.Rptr. 891]; *Multiplex Ins. Agency, Inc.* v. *California Life Ins. Co.* (1987) 189 Cal.App.3d 925, 939 [235 Cal.Rptr. 12].) ██ As Justice Kaufman has noted, even if the proposed legal theory is a novel one, "the preferable practice would be to permit the amendment and allow the parties to test its legal sufficiency by demurrer, motion for judgment on the pleadings or other appropriate proceedings." (*California Casualty Gen. Ins. Co.* v. *Superior Court* (1985) 173 Cal.App.3d 274, 281 [218 Cal.Rptr. 817].)

██ As for tortious breach of the implied covenant of good faith and fair dealing, Marker's objections are again off course. ██ This cause of action exists where the "special relationship" between the parties is "characterized by elements of public interest, adhesion and fiduciary responsibility." (*Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co., supra,* 36 Cal.3d 752, 768-769.) ██ Kittredge alleges the parties had such a special relationship; therefore, it should be allowed to amend its complaint. No more is necessary at this stage.

Finally, Marker contends Kittredge unreasonably delayed moving to amend. ██ Even if this were so, it is an abuse of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment. (*Higgins* v. *Del Faro* (1981) 123 Cal.App.3d 558, 564-565 [176 Cal.Rptr. 704].) ██ Here, the record does not support Marker's claim it has been harmed by the delay. ██ Moreover, it is irrelevant that new legal theories are introduced as long as the proposed amendments "relate to the same general set of facts." (*Hirsa* v. *Superior Court* (1981) 118 Cal.App.3d 486, 489 [173 Cal.Rptr. 418].)

Issuance of an alternative writ would add nothing to our review and would only delay the proceedings for no reason. A peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's motion and to enter a new order granting leave to amend the complaint.

Crosby, Acting P. J., and Wallin, J., concurred.