Filed 6/29/16  Wong v. Superior Court CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID WONG, et al.,<br><br>          Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>          Respondent;<br><br>SALIM SHELBY, et al.,<br><br>          Real Parties in Interest. | A148225<br><br>(Contra Costa County<br>Super. Ct. No. N12-1269) |

THE COURT:[*]

Petitioners seeks writ relief from the denial of their motion for leave to file an amended complaint.  We grant the petition by way of this memorandum opinion because "[t]he Courts of Appeal should dispose of causes that raise no substantial issues of law or fact by memorandum or other abbreviated form of opinion."  (Cal. Stds. Jud. Admin., § 8.1.)

Writ review is appropriate to review the denial of leave to amend, since the trial court's ruling deprives petitioners the opportunity to plead their cause of action. (*Peterson v. Superior Court* (1982) 31 Cal.3d 147, 164; *Coulter v. Superior Court* (1978) 21 Cal.3d 144, 148, superseded by statute on another ground as stated in *Sakiyama v.*

---

[*] Before Simons, Acting P.J., Needham, J., and Bruiniers, J.

1

*AMF Bowling Centers, Inc.* (2003) 110 CalApp.4th 398, 412, fn. 6.) The record before us is adequate (*Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 186–187; Cal. Rules of Court, rule 8.486(b)(1))[1], real parties in interest having cured the claimed record deficiencies by submitting exhibits with their opposition brief.[2]

Petitioners sought to amend their complaint to substitute five individuals for Doe defendants, and to revise and add numerous causes of action. Having reviewed the parties' briefs, the record, and the trial court's order denying leave to amend, we conclude the trial court abused its discretion in denying leave to amend. (*Edwards v. Superior Court* (2001) 93 Cal.App.4th 172, 180; *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 296–297.)

The trial court erroneously determined the Doe amendments were untimely. The record does not demonstrate petitioners knew facts giving rise to a cause of action against those individuals in 2013, or for that matter, prior to discovery produced in July and August 2015.[3] (Code Civ. Proc., § 474; *General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 594; *Wallis v. Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786.)

---

[1] All undesignated rules references are to the California Rules of Court.

[2] By this conclusion, we do not intend to convey our agreement with real parties' arguments that the record accompanying the petition was inadequate. While we need not delve into the point, we question whether many of the materials provided by real parties are properly considered, absent an indication that the trial court reviewed those documents in connection with the motion to amend. (See *Stanley v. Superior Court* (2012) 206 Cal.App.4th 265, 278, fn. 21 ["the only declarations relevant to the disposition of this writ are those which were before the trial court when it ruled on defendant's motion"]; see also *Peterson v. Superior Court* (1995) 10 Cal.4th 1185, 1200, fn. 9 [proffered material not considered, in part because "it was not relied upon by plaintiff in the superior court"].)

[3] Within approximately a month of the August 2015 discovery, petitioners promptly sought to amend their complaint, by way of ex parte application for an order shortening time to file a motion to amend, and the filing of their motion to amend. The motion to amend was not heard until March 2016.

As for the trial court's determination that the Doe defendants are not liable as a matter of law, a conclusion contested by petitioners, "we believe that the better course of action would have been to allow [plaintiff] to amend the complaint and then let the parties test its legal sufficiency in other appropriate proceedings." (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 760, citing *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048; see also Weil and Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 6:644 ["Ordinarily, the judge will *not* consider the validity of the proposed amended pleading in deciding whether to grant leave to amend. Grounds for demurrer or motion to strike are premature. After leave to amend is granted, the opposing party will have the opportunity to attack the validity of the amended pleading."].)[4]

The trial court's reliance on internally inconsistent allegations in the proposed pleading as a basis for denying leave to amend was inappropriate, since inconsistent allegations are permissible. (*Adams v. Paul* (1995) 11 Cal.4th 583, 593.) Moreover, as discussed above, the preferable procedure would have been to permit the amendment and then test the pleading by way of appropriate motion.[5]

To the extent the trial court denied leave to amend on the basis that real parties in interest would be prejudiced by having to conduct additional discovery, real parties made no showing of prejudice below (see *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 486–487), and "it seems unreasonable to deny a party the right to amend where the only apparent hardship to the defendants is that they will have to defend" (*Landis v. Superior Court* (1965) 232 Cal.App.2d 548, 557).

---

[4] Similarly, real parties' (and petitioners') arguments about the continued assertion of claims subsequently adjudicated by way of summary adjudication motion, and unclear pleading (see, e.g., Cal. Rules of Court, rule 2.112), may be addressed by way of appropriate motion in the trial court.

[5] Such testing remains available to real parties concerning their contention in this court that the amended complaint contradicts statements made in earlier pleadings and declarations.

Nothing else in real parties' briefing in this court persuades us that we should find the trial court did not abuse its discretion in denying petitioners' motion for leave to amend.

In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioners' right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its March 22, 2016 order denying petitioners' motion for leave to file an amended complaint, and to thereafter enter a new order granting that motion. In the interests of justice and to prevent further delays in this protracted civil proceeding, this decision shall be final as to this court five court days after its filing. (Rule 8.490(b)(2)(A).) Petitioners are entitled to recover costs. (Rule 8.493(a)(1)(A).) The previously issued stay shall dissolve upon issuance of the remittitur. (Rules 8.272(b)-(d), 8.490(d).)