In re Ronald R. DIAMOND and Elaine Diamond, Debtors.

Ronald R. Diamond and Elaine Diamond, Appellants,

v.

Jeffrey R. Kolcum and Linda K. Villelli–Kolcum, Appellees.

No. 00–16280.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2001*

Filed April 4, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

David R. Jenkins, Motschiedler, Michaelides & Wishon, LLP, Fresno, CA, for the appellants.

Ian Ledlin, Phillabaum, Ledlin, Matthews & Gaffney Brown, Spokane, WA, for the appellees.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

PAEZ, Circuit Judge.

In this nondischargeability proceeding under 11 U.S.C. § 523(a)(2)(A) and (a)(6), the bankruptcy court granted summary judgment against Debtors Appellants Ronald and Elaine Diamond ("the Diamonds") because it determined that a Washington state court judgment against them and in favor of Appellees Jeffrey and Linda Kolcum ("the Kolcums") was entitled to preclusive effect. The Bankruptcy Appellate Panel ("BAP") affirmed the judgment. The Diamonds appeal, contending that the

state court judgment should not have been given preclusive effect.

The Diamonds first argue that the judgment should not preclude the Kolcums' nondischargeability claim under 11 U.S.C. § 523(a)(2)(A) because the standard for justifiable reliance underlying the state court jury's fraudulent misrepresentation verdict differs from the standard for a claim of nondischargeability based on falsity or fraud under § 523(a)(2)(A). Second, they contend that the judgment should not preclude the Kolcums' claim under 11 U.S.C. § 523(a)(6) because the state court action did not determine the issue of intentional injury, which was necessary to find nondischargeability based on a "willful or malicious injury" under § 523(a)(6). Third, they argue that we should not give preclusive effect to the state court judgment because the jurisdiction of the state court is inferior to that of the bankruptcy court. Finally, the Diamonds argue that, because the Kolcums obtained relief in state court, the Kolcums are precluded from seeking relief in the bankruptcy court.

We reject the Diamonds' arguments and affirm.

## I. STATEMENT OF FACTS

In March 1994, the Kolcums purchased a house from the Diamonds in Spokane, Washington. In connection with the sale, the Diamonds gave the Kolcums a form entitled "Seller's Property Condition Checklist." On it, the Diamonds indicated no knowledge of any flooding, seepage, standing water, or drainage problems on the property. The purchase agreement included the statement, "Nothing contained in this Agreement shall replace the Purchaser's duty to inspect the property," and similar statements regarding the purchaser's inspection of the property and evaluation of its condition. The seller's checklist also stated, "Buyer has a duty to exercise reasonable care and to pay reasonable attention to those material defects which are known or can be known to Buyer by utilizing diligent attention and observation." Soon after moving in, the Kolcums experienced extensive flooding in their basement and backyard.

The Diamonds did not help the Kolcums remedy the problem. In February 1996, the Kolcums filed a complaint in Spokane County Superior Court alleging fraudulent concealment, fraud, negligent misrepresentation, breach of contract, breach of representation and warranties, and breach of implied warranty. Nearly two and one-half years later, after substantial pre-trial activity, the case was scheduled for jury trial. Three days before trial, without notifying the Kolcums or the state court, the Diamonds filed a petition for relief in bankruptcy under Chapter 7 of the Bankruptcy Code. On the day of trial, the Diamonds did not appear, and the state court proceeded without them.

On November 12, 1998, after a two-day trial, the jury returned a special verdict form with answers to the following questions:

(1) Do you find that the defendants' conduct constituted fraud or false representation?

(2) Do you find that the plaintiffs justifiably relied on the defendants' representations?

(3) Do you find that the defendants intentionally caused injury to the plaintiffs without just cause or excuse?

The jury answered each question in the affirmative and awarded the Kolcums $288,822.37. Upon learning of the Diamonds' bankruptcy petition, the state trial court delayed entry of judgment.

On March 26, 1999, the bankruptcy court annulled the Chapter 7 automatic stay as to the Kolcums' claim based on the state court verdict. This cleared the way for entry of the state court judgment, which totaled $325,740.82, including attorneys' fees and costs.

The Kolcums filed suit to have the judgment declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6). They subsequently moved for summary judgment based on the collateral estoppel effect of the state court verdict. On August 5, 1999, the bankruptcy court entered summary judgment against the Diamonds, holding that the state court judgment was nondischargeable. On May 11, 2000, the BAP affirmed the grant of summary judgment.[1] This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

■ This court has jurisdiction to review an appeal from the final judgment of the BAP pursuant to 28 U.S.C. § 158(d). We independently review the bankruptcy court's ruling on appeal from the BAP. *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1001–02 (9th Cir.2000). We review de novo the grant of summary judgment. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995) (per curiam). The question whether a claim is dischargeable presents mixed issues of law and fact, which we also review de novo. *Peklar v. Ikerd (In re Peklar)*, 260 F.3d 1035, 1037 (9th Cir.2001).

## III. DISCUSSION

### A. Collateral Estoppel Effect of the State Court Judgment

■ We hold that the state court judgment against the Diamonds has a preclusive effect in the nondischargeability proceeding and, therefore, affirm the bankruptcy court's grant of summary judgment. The doctrine of collateral estoppel applies in bankruptcy dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel. *Nourbakhsh*, 67 F.3d at 800. Under Washington law, a party can invoke collateral estoppel by demonstrating the following elements:

(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

*Reninger v. Wash. Dep't of Corr.*, 134 Wash.2d 437, 951 P.2d 782, 788 (1998) (citations and internal quotation marks omitted).

### 1. Justifiable Reliance and § 523(a)(2)(A)

The Diamonds argue that the first element of collateral estoppel—whether the

1. The BAP unanimously affirmed the bankruptcy court's ruling that the state court judgment was nondischargeable under 11 U.S.C. § 523(a)(2)(A). A majority of the panel determined that the Diamonds had not raised the § 523(a)(6) issue in the bankruptcy court. The majority therefore summarily affirmed the bankruptcy court's summary judgment on the § 526(a)(6) claim without reaching the merits of the Diamonds' arguments. In a concurring opinion, Judge Brandt concluded that the § 523(a)(6) issue was properly before the panel and stated that he would have affirmed the bankruptcy court's grant of summary judgment on that ground on the merits.

issues in the two proceedings are identical—is not met with regard to the Kolcums' § 523(a)(2)(A) claim. Specifically, the Diamonds assert that the issue of justifiable reliance in the state court action differs from that raised in the § 523(a)(2)(A) claim in bankruptcy court.

■ Pursuant to 11 U.S.C. § 523(a)(2)(A), a monetary debt is nondischargeable "to the extent obtained by false pretenses, a false representation, or actual fraud." To establish that the Diamonds' debt is nondischargeable, the Kolcums must show:

> "(1) that the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained alleged loss and damage as the proximate result of such representations."

*Household Credit Servs. v. Ettell (In re Ettell)*, 188 F.3d 1141, 1144 (9th Cir.1999) (quoting *Citibank v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir.1996)).

■ The issues before the jury in the state court case were identical. Several of the jury instructions explicitly required consideration of justifiable reliance. The instructions for the Kolcums' fraud claim required the jury to find:

> (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that it be acted upon by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom the representation is addressed; (7) the latter's reliance on the truth of the representation; (8) the right to rely upon it; and (9) consequent damage.

In short, in finding that the Diamonds defrauded the Kolcums, the jury had to consider the same elements as the bankruptcy court would under § 523(a)(2)(A): whether the Diamonds made false representations intending to deceive the Kolcums, whether the Kolcums had a right to rely on the representations, and whether they relied to their detriment.

The Diamonds contend that the state law standard for justifiable reliance is less rigorous than the standard that the federal bankruptcy court should apply. They argue that § 523(a)(2)(A) confers on the Kolcums a duty to investigate the property, based on the language in the purchase agreement and the seller's disclosure. According to the Diamonds, the Kolcums could not have justifiably relied on the Diamonds' representations because of this duty to investigate the property. The Diamonds assert that, unlike federal bankruptcy law, Washington state law does not require the Kolcums to investigate the acceptability of the property. They point to a jury instruction that reads: "A purchaser has no duty to investigate a seller's clear factual representations, and may justifiably rely on such representations."

We are not persuaded by this argument. Bankruptcy law, like Washington law, does not require the Kolcums to have investigated the Diamonds' factual representations in order to demonstrate justifiable reliance. *See Field v. Mans*, 516 U.S. 59, 70, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (holding that duty to investigate was not a predicate to demonstrating justifiable reliance under § 523(a)(2)(A), discussing Restatement (Second) of Torts § 540 (1976)). Indeed, the Diamonds concede that the language that the Washington courts use to define justifiable reliance "does not materially differ" from the Ninth Circuit's definition.

We therefore conclude that the reliance issues in the state law fraudulent misrepresentation claim are identical to those in the nondischargeability claim under § 523(a)(2)(A). Because the jury found that the Kolcums "justifiably relied" on the Diamonds' representations, the bankruptcy court correctly concluded that the jury's finding precluded reconsideration of this issue under § 523(a)(2)(A).

### 2. Intentional Injury and § 523(a)(6)

Like a debt that is fraudulently obtained, a debt for a "willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). The Diamonds argue that we cannot declare that their debt to the Kolcums is nondischargeable under § 523(a)(6) by giving preclusive effect to the state court judgment. We reject this argument on the merits.[2]

An issue can have preclusive effect only if it was "actually and necessarily" determined in the state court action. *Peterson v. Dep't of Ecology*, 92 Wash.2d 306, 596 P.2d 285, 289 (1979). The Diamonds argue, in essence, that the question whether there was a "willful and malicious injury" under § 523(a)(6) was not decided in the state court action because it is not an element of any of the Kolcums' causes of action.

This argument is unpersuasive. The Diamonds committed a "willful and malicious injury" under § 523(a)(6) if they intentionally injured the Kolcums. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) ("The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability

takes a deliberate or intentional *injury* ...."). Under *Kawaauhau*, § 523(a)(6)'s exemption applies only to "intentional torts," which "generally require that the actor intend the *consequences of an act, not simply the act itself.*" *Id.* (internal quotation marks and citation omitted); *see also Molina v. Seror (In re Molina)*, 228 B.R. 248, 251 (9th Cir.BAP 1998). When an "intentional breach of contract is accompanied by tortious conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6)." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1205 (9th Cir.), *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001).

The state court judgment necessarily included this essential element of § 523(a)(6). The jury found that the Diamonds "intentionally caused injury" to the Kolcums "without just cause." In order to find fraud, the jury had to determine that there was intentional tortious conduct. Therefore, the issues implicated by § 523(a)(6) were actually litigated in the state court proceeding, and the bankruptcy court was correct to accord the state court judgment preclusive effect with regard to the Kolcums' § 523(a)(6) claim. *Cf. Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 918–20 (9th Cir.2001) (holding that the issues implicated by § 523(a)(6) were actually litigated in a California state intentional tort suit and therefore according the judgment collateral estoppel effect under California law).

### 3. Preclusive Effect of a State Court Judgment on a Federal Court

We find no support for the Diamonds' argument that the state court

---

2. As noted above, the BAP majority opinion did not reach this argument because it concluded that it had not been raised in the bankruptcy court. We, however, agree with the concurring opinion that the Diamonds did

raise it before the bankruptcy court; in the Diamonds' opposition to the motion for summary judgment, they argued that the "§ 523(a)(6) issue ... [was] not identical to that decided by the state court."

judgment should not be given preclusive effect because the jurisdiction of the state court is "inferior" to that of the bankruptcy court. Contrary to the Diamonds' contention, we do not distinguish between "inferior" and "superior" courts for purposes of determining whether to apply collateral estoppel. To the contrary, a federal court must give "full faith and credit" to state court judgments. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

**B. The Kolcums' Ability to Seek Relief in Both State Court and Bankruptcy Court**

Last, the Diamonds argue that the Kolcums are precluded from seeking relief in the bankruptcy court because they already obtained a judgment in state court. This argument is contrary to law and logic. The Kolcums brought suit under § 523(a)(2)(A) and (a)(6) to determine whether the relief they had already won had to be discharged in bankruptcy. They did not seek separate or cumulative relief through the bankruptcy court, nor did they seek a result in bankruptcy court that was inconsistent with the state court verdict.

*Marrese*, on which the Diamonds extensively rely, is not to the contrary. The *Marrese* plaintiffs sought relief in a federal antitrust action after an *unsuccessful* state court action. *See* 470 U.S. at 375–78, 105 S.Ct. 1327. In holding that state claim preclusion principles should have been applied and remanding, the Supreme Court in no way suggested that a *successful* state action ought to bar a subsequent federal action necessary to effectuate the state court judgment. Indeed, to adopt such a conclusion would be to create a conflict with cases in which we have declared a debt nondischargeable after a successful state court action. *See, e.g., Baldwin*, 249 F.3d 912. We therefore reject the Diamonds' assertion that the state court judgment should preclude the Kolcums' claim for a declaration of nondischargeability.

## IV. CONCLUSION

The Kolcums are entitled to a declaration of nondischargeability under 11 U.S.C. § 523(a)(2)(A) and (a)(6) because the state court judgment to which they asked the bankruptcy court to give preclusive effect necessarily implicated issues identical to those implicated in the nondischargeability proceeding, and those issues were therefore actually litigated in the state court proceeding. For the foregoing reasons, we conclude that none of the Diamonds' arguments justifies a contrary result, and we therefore affirm the bankruptcy court's rulings.

**AFFIRMED.**