MEMORANDUM**
Chapter 11 debtor G. Patrick Healy appeals pro se the district court’s affirmance of the bankruptcy court’s order holding that two state court judgments in favor of appellees Richard Butko and Anne Butko were nondischargeable under 11 U.S.C. § 523. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court’s decision on appeal from a bankruptcy court, Worthington v. Gen. Motors Corp. (In re Claremont Acquisition Corp.), 113 F.3d 1029, 1031 (9th Cir. 1997), and we affirm.
We reject Healy’s contention that the bankruptcy court erred by applying the doctrine of collateral estoppel to determine that the judgment debts owed to the Butkos were nondischargeable under 11 U.S.C. § 523(a)(4) & (6). See Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (principles of collateral estoppel apply to discharge exception proceedings pursuant to 11 U.S.C. § 523(a)); Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1057 (9th Cir.1994) (the bankruptcy court is required to apply collateral estoppel when it is invoked by the creditor and all of the requisite elements are satisfied).
Healy’s contention that collateral estoppel does not apply because the two state court judgments are “inconsistent” lacks merit. We do not discern any inconsistency between the judgments and, even if there were any inconsistency, it would not provide a basis for avoiding the application of collateral estoppel. See Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 913 (9th Cir.1997) (collateral estoppel applies even if the prior case was erroneously decided). Moreover, Healy’s assertion that the state court judgments did not include any affirmative findings of fraud or willful and malicious conduct is flatly contradicted by the record.
The bankruptcy court correctly analyzed the relevant factors under Washington state law in determining that Healy was collaterally estopped from relitigating the issues decided in the state court actions. See Diamond v. Kolcum (In re *352 Diamond), 285 F.3d 822, 826 (9th Cir.2002) (holding that state law controls whether issues decided in a prior state court action are entitled to preclusive effect and setting forth the elements of collateral estoppel under Washington law). Accordingly, we affirm the bankruptcy court’s judgments for the reasons stated in the district court’s orders entered on April 8, 1998 as to Anne Butko and April 10, 1998 as to Richard Butko.[1]
Finally, contrary to Healy’s suggestion, we cannot overrule this Court’s prior cases regarding the standard for defalcation. See Koff v. United States, 3 F.3d 1297, 1300 (9th Cir.1993) (per curiam) (O’Scannlain, J., concurring) (“Sitting as a three-judge panel, we have no authority to overrule the decision of any other three-judge panel of this court.”)
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. We reject Healy's contention that the district court failed to distinguish between the fiduciary duties he owed to the various partnerships and corporations at issue. We agree with the district court's conclusion that, under current Washington state law, corporate officers and directors act in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). See Lewis v. Short (In re Short), 818 F.2d 693, 695 (9th Cir.1987) (in applying section 523(a)(4), state law determines whether a debtor is a fiduciary of an express or technical trust that existed before the wrongdoing that caused the debt). We are' also unpersuaded by Healy’s argument that the requirement of a funded accounting in Anne Butko’s case against him altered the finality of the judgment in that case.