*709 MEMORANDUM **
ZTE Electronics Corporation, Inc. (“ZTE”) appeals the Bankruptcy Appellate Panel’s memorandum opinion affirming the bankruptcy court’s ruling that John Edward Amoroso, Jr.’s debt was dischargeable. Because the parties are familiar with the facts of this case, we will not recount them here. This court has jurisdiction under 28 U.S.C. § 158(d).
Decisions of the Bankruptcy Appellate Panel and bankruptcy court are reviewed de novo. Endo Steel, Inc. v. Janas (In re JWJ Contracting Co., Inc.), 371 F.3d 1079, 1081 (9th Cir.2004); Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002). Factual findings are reviewed for clear error. Fed. R. Bankr. P. 8013. Whether a claim is dischargeable is a mixed question of law and fact reviewed de novo. In re Su, 290 F.3d at 1142; Murray v. Bammer (In re Bammer), 131 F.3d 788, 791-92 (9th Cir.1997) (en banc).
The bankruptcy court did not err in rejecting ZTE’s non-dischargeability argument. It was ZTE’s burden to establish that Amoroso was personally hable for the debt of his company to ZTE. Banks v. Gill Distrib. Ctrs., Inc. (In re Banks), 263 F.3d 862, 868 (9th Cir.2001); Mills v. Sdrawde Titleholders, Inc. (In re Mills), 841 F.2d 902, 904 (9th Cir.1988). The evidence at trial did not establish that Amoroso used his company, Audio Wood Products, Inc. (“Audio Wood”), as an alter ego. Accordingly, Amoroso was not personally liable for Audio Wood’s debts on an alter ego theory. Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1227 (9th Cir.2005). ZTE’s reliance on Griffin v. Felton (In re Felton), 197 B.R. 881, 885 (N.D.Cal.1996), is unavailing because in that case plaintiffs sued the defendant individually to recover damages he caused, not for the non-dischargeability of his company’s debts.
Nor did the bankruptcy court err in finding ZTE failed to demonstrate nondischargeability under 11 U.S.C. § 523(a). ZTE did not establish that Amoroso misrepresented Audio Wood’s financial condition or its intention to pay ZTE for goods. Diamond v. Kolcum (In re Diamond), 285 F.3d 822, 827 (9th Cir.2002). ZTE’s contention that Amoroso maliciously injured ZTE by intentionally misappropriating its goods has no support in the record.
The bankruptcy court’s factual findings were well supported by trial evidence, and its conclusions were not erroneous. The Bankruptcy Appellate Panel’s memorandum order affirming the bankruptcy court’s ruling was without error.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.