**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: MICHELLE RENEE CLARK,

Debtor,

_____

ESTATE OF KIMBERLY KEMPTON,

Appellant,

v.

MICHELLE RENEE CLARK,

Appellee.

No.   14-60081

BAP No. 14-1134

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted November 9, 2016[**]
Pasadena, California

Before: BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[***] District

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Judge.

Judith Kempton, as personal representative of the Estate of Kimberly Kempton ("Kempton"), appeals three orders: (1) a March 21, 2014, order ("Dismissal Order") dismissing her nondischargeability claim against Chapter 7 debtor Michelle Clark; (2) a March 3, 2011, order ("Lift Stay Order") providing "relief from the bankruptcy automatic stay" as to state court litigation between Kempton, Clark, and Clark's real estate agent and broker; and (3) an October 18, 2012, order ("Abandon Property Order") filed in the bankruptcy action ("Main Case"). The Bankruptcy Appellate Panel ("BAP") affirmed.

As to the Dismissal Order, we have jurisdiction under 28 U.S.C. § 158(d) and we affirm. We GRANT Appellee's Renewed Motion to Dismiss and/or Summary Affirmance (ECF. No. 85) as to Kempton's appeal of the Lift Stay Order and Abandon Property Order and DISMISS for lack of jurisdiction; we DENY that motion as to the Dismissal Order. We also rule on the parties' remaining seven motions (ECF Nos. 42, 56, 57, 63, 68) as discussed herein.

1. **Lift Stay Order**

We lack jurisdiction over Kempton's untimely appeal of the Lift Stay Order. *See In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007). As an order granting relief

2

from the automatic stay, the Lift Stay Order is a final decision for purposes of appeal. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). Kempton's appeal is untimely because she did not file her notice of appeal until years after the Lift Stay Order was issued. *See In re Wiersma*, 483 F.3d at 938.

We reject Kempton's arguments to the contrary because her appeal is not only untimely, but also procedurally barred. Kempton contends that the Lift Stay Order, which her attorney prepared, was improper and is not a final decision because it was filed in the adversary proceeding rather than the Main Case. As the BAP correctly held, Kempton cannot challenge the Lift Stay Order on those grounds now because she failed to: (1) raise the issue in the bankruptcy court; and (2) designate a complete record, having omitted the transcript of the hearing that precipitated the Lift Stay Order. *See In re Morrissey*, 349 F.3d 1187, 1190 (9th Cir. 2003).

The omitted transcript, which Clark provides, underscores the importance of the policy behind the rules invoked by the BAP. That omitted transcript confirms that Kempton is barred by judicial estoppel and the invited error doctrine from challenging the Lift Stay Order. The bankruptcy court lifted the automatic stay in response to Kempton's attorney's representation that Clark would be bound by

Kempton's ongoing state court litigation against Clark's real estate brokers.[1]

Having enjoyed the benefit of relief from stay, Kempton is judicially estopped from waiting until she received an unfavorable decision in state court to then complain that the Lift Stay Order that her attorney prepared was improper. *See PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004) (party who sought a decision in one forum judicially estopped from challenging authority of that forum only after receiving an "unfavorable decision"). In addition, under the invited error doctrine, Kempton cannot invite a purported error in the bankruptcy court and then on appeal complain of that very error. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010).

### 2. Dismissal Order

In light of Kempton's loss in her state court action against Clark and Clark's real estate agent and broker, the bankruptcy court dismissed Kempton's

---

[1] The omitted transcript is part of Clark's Further Supplemental Excerpts of Record. As to the omitted transcript, we GRANT Appellee's Motion to Further Supplement the Record (ECF No. 63) and DENY Appellant's Motion to Strike Further Supplemental Excerpts of Record (ECF No. 68). *See* Fed. R. App. P. 10(e)(2)(C). As to other documents in the Further Supplemental Excerpts of Record not discussed herein, we DENY AS MOOT both motions.

nondischargeability claim brought under 11 U.S.C. § 523(a)(2)(A) and (a)(6). We review *de novo*. *In re Diamond*, 285 F.3d 822, 826 (9th Cir. 2002); *In re Schimmels*, 127 F.3d 875, 880 (9th Cir. 1997). We affirm the Dismissal Order because Kempton's nondischargeability claim is barred by issue preclusion.

Contrary to Kempton's assertion, issue preclusion, also referred to as collateral estoppel, does "indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284 n. 11 (1991). Where, as here, the preclusive effect of a state court's judgment must be determined, the full faith and credit statute requires that federal bankruptcy courts apply the issue preclusion principles of the state where the judgment was rendered. *In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003); 28 U.S.C. § 1738. Accordingly, we apply the issue preclusion principles of California, which state:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same

5

as, or in privity with, the party to the former proceeding.

*In re Cantrell*, 329 F.3d at 1123 (quoting *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001)).

Kempton fleetingly disputes that the second and third requirements have been met, but she does not specify the issues she believes were not litigated or decided. Due to her lack of clarity and record citations, we deem the argument waived. *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012). Kempton also does not address and thus has waived any argument as to the first, fourth, and fifth elements of issue preclusion. *See In re Wilbur*, 126 F.3d 1218, 1220 n.5 (9th Cir. 1997).

In any event, as reflected in one of several adverse state court rulings, Kempton did litigate and lose on the merits in state court—and again on appeal—on the issue of whether she justifiably relied on misrepresentations about the property in dispute, including the same misrepresentation about a garage easement that she claims she alleged in the nondischargeability action.[2] *Kempton v.*

___

[2] Kempton stated in her opening brief before the BAP that her nondischargeability complaint alleged concealment of a garage access easement. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (recognizing that pleadings in the underlying case are subject to judicial notice by an appellate court).

*Prudential Cal. Realty - John Aaroe Div.*, No. B227418, 2011 WL 5223152, at *6

(Cal. Ct. App. Nov. 3, 2011).[3]  As the state court held, Kempton failed to establish

"justifiable reliance" on thirteen purported misrepresentations.  *Id.* at *5–6.  The

state court reasoned that all the facts that were allegedly misrepresented or not

disclosed "were either already known to her or within her own diligent attention,"

including the fact that an "easement existed to permit use of the garage that was set

to expire soon."  *Id.*  As explained in authority cited by the state court, *id.* at *4,

absent justifiable reliance, there is "no causal connection" between the alleged

misrepresentations and Kempton's injury.  *See All. Mortg. Co. v. Rothwell*, 10 Cal.

4th 1226, 1248 (1995).

Kempton's nondischargeability claim under § 523(a)(2)(A) fails because the

state court's adverse determination of her lack of justifiable reliance barred

Kempton from relitigating the issue.  Justifiable reliance is an element of a

---

[3] We take judicial notice of this state court decision.  *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1014 n.1 (9th Cir. 2010).  Kempton has moved to strike Clark's Supplemental Excerpts of Record, which include the state court decision, as well as several other documents.  Because we take judicial notice of the state court decision and do not rely on the other documents Kempton seeks to strike, we DENY AS MOOT Appellant's Motion to Strike Supplemental Excerpts of Record (ECF No. 56) and Appellant's Motion to Strike Chomsky Declaration (ECF No. 57).

nondischargeability claim under § 523(a)(2)(A). *See In re Slyman*, 234 F.3d 1081, 1086 (9th Cir. 2000) (Section 523(a)(2)(A) claim failed because creditor could not show its justifiable reliance on misrepresentations). Because Kempton could not establish this element, the bankruptcy court properly dismissed her claim under section 523(a)(2)(A). *See In re Diamond*, 285 F.3d at 828 (ruling on justifiable reliance in creditors' state court fraud action barred relitigation of issue in creditor's nondischargeability action under section 523(a)(2)(A) against Chapter 7 debtors).

In addition, by finding that Kempton lacked justifiable reliance on the purported misrepresentations, the state court necessarily decided that there was "no causal connection" between the purported misrepresentations and Kempton's injury. *See All. Mortg.*, 10 Cal. 4th at 1248. Causation is an element of a nondischargeability claim under section 523(a)(6). *See In re Barboza*, 545 F.3d 702, 706 (9th Cir. 2008) (section 523(a)(6) claim requires, among other things, an act that "necessarily causes injury"). Because Kempton could not establish this element, the bankruptcy court properly dismissed Kempton's nondischargeability action. *See In re Diamond*, 285 F.3d at 828.

Kempton's remaining arguments regarding the Dismissal Order are

unavailing. Her arguments about the finality of and parties involved in other state court decisions on which we do not rely are beside the point. Her argument that claim and issue preclusion do not apply because the Lift Stay Order was purportedly improper, rendering the state court litigation a violation of the automatic stay, is barred by judicial estoppel, *PowerAgent*, 358 F.3d at 1192, and the invited error doctrine, *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 386. Her contention that a nondischargeability action can only be resolved by trial, not motion practice, is contrary to the law. *In re Diamond*, 285 F.3d at 828 (affirming grant of summary judgment motion on nondischargeability claim due to issue preclusion). Nothing in the authorities Kempton cites suggests otherwise.

### 3. Abandon Property Order

We lack jurisdiction to review the Abandon Property Order. *See In re Wiersma*, 483 F.3d at 938. Kempton cannot appeal the Abandon Property Order because she failed to designate it in her notice of appeal and, even if she had, appeal from the bankruptcy action would be untimely. As the BAP explained in its decision, nothing in the notice of appeal filed by Kempton's counsel indicated she was appealing the Abandon Property Order. Further, the Main Case was closed on October 4, 2013, and thus the deadline to file a notice of appeal from the

9

bankruptcy action ran long ago.  *See* Fed. R. Bankr. P. 8002.[4]

### 4.  The BAP's Judicial Notice Analysis

Kempton's argument that the BAP erred in its judicial notice analysis fails because she does not identify any specific document that is the subject of this purported error.  "We will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."  *W. Radio Servs.*, 678 F.3d at 979; *see In re Oracle Corp. Sec. Litig.*, 627 F.3d at 386.

In sum, we affirm the March 21, 2014, Dismissal Order, and dismiss for lack of jurisdiction both the March 3, 2011, Lift Stay Order and the October 18, 2012, Abandon Property Order.

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[4] We DENY Appellant's Request for Judicial Notice (ECF No. 42) because the documents she seeks to judicially notice are either irrelevant or relate to the Lift Stay Order and Abandon Property Order, which we lack jurisdiction to review. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).