NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DENNIS ADRIAN VAZQUEZ, <br><br> Debtor. <br> _____ <br><br> DENNIS ADRIAN VAZQUEZ, <br><br> Appellant, <br><br> v. <br><br> AAA BLUEPRINT & DIGITAL REPROGRAPHICS, a California Corporation, <br><br> Appellee. | No. 14-60003 <br><br> BAP No. 13-1014 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Ballinger, and Pappas, Bankruptcy Judges, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Chapter 7 debtor Dennis Adrian Vazquez appeals pro se from the judgment

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grant of summary judgment excepting from discharge Vazquez's debt to AAA Blueprint & Digital Reprographics. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly granted summary judgment because the findings in the state court action satisfied the elements for "willful and malicious injury" under 11 U.S.C. § 523(a)(6), and California law precludes relitigation of issues decided in a prior proceeding. *See Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir. 2002) ("In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel."); *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (setting forth elements of issue preclusion under California law); *see also Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206-07 (9th Cir. 2010) (setting forth requirements for non-dischargeability under § 523(a)(6)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-60003