**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BARRY M. GOULD, | No. 14-60059 |
| Debtor. | BAP No. 13-1437 |
| BARRY M. GOULD, | MEMORANDUM* |
| Appellant, | |
| v. | |
| RED HILL ENTERPRISES, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Latham, and Pappas, Bankruptcy Judges, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Chapter 7 debtor Barry M. Gould appeals pro se from the judgment of the

Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's grant of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment excepting from discharge Gould's debt to Red Hill Enterprises

("Red Hill"). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo

BAP decisions, and apply the same standard of review that the BAP applied to the

bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d

1088, 1090 (9th Cir. 2009). We affirm.

Summary judgment was proper because the jury's findings in the state court

action satisfied the elements for "willful and malicious injury" under 11 U.S.C.

§ 523(a)(6), and California law precludes relitigation of issues decided in a prior

proceeding. *See Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir.

2002) ("In determining whether a party should be estopped from relitigating an

issue decided in a prior state court action, the bankruptcy court must look to that

state's law of collateral estoppel."); *Lucido v. Superior Court*, 795 P.2d 1223, 1225

(Cal. 1990) (setting forth elements of issue preclusion under California law); *see*

*also Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206-07

(9th Cir. 2010) (setting forth requirements for non-dischargeability under

§ 523(a)(6)).

Because Gould's debt to Red Hill is non-dischargeable under 11 U.S.C.

§ 523(a)(6), we need not reach whether the debt is non-dischargeable under 11

U.S.C. § 523(a)(2)(A).

**AFFIRMED.**

14-60059