MEMORANDUM *
Samuels appeals the bankruptcy court’s determination that his debt to CMW and Nichols is nondischargeable under 11 U.S.C. § 523(a)(4). He argues that the bankruptcy court improperly applied collateral estoppel because the state court never found him to be a fiduciary under section 523(a)(4), and that even if it did, that determination should have been ignored because it “offends notions of corporate law.” We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
CMW and Nichols were partners in a joint venture agreement with Black Stallion, a corporation fully owned by Samuels. CMW and Nichols sued Samuels and other defendants in California state court for failing to provide CMW and Nichols with their share of profits under the agreement. The state court entered judgment against Samuels individually for breach of fiduciary duty, money had and received, and conversion. While the state court did not *693 explain how it determined that Samuels owed a fiduciary duty to CMW in its decision, Judge Murphy clarified her reasoning during the hearing addressing Samuels’ motion to vacate the judgment.
After the judgment was issued, Samuels filed for Chapter 7, and CMW sought a determination that its claim was nondischargeable under 11 U.S.C. § 528(a)(4), which bars debtors from discharging debts arising from fraud or defalcation while acting in a fiduciary capacity. The bankruptcy court granted summary judgment in favor of CMW on the dischargeability issue, holding that the state court had already determined that Samuels’ debt to CMW arose from defalcation while he was acting as a fiduciary. In reaching that decision, the bankruptcy court relied in part on Judge Murphy’s statements in the motion to vacate hearing. The district court affirmed the bankruptcy court’s grant of summary judgment, and Samuels timely appealed.
Samuels assigns error to the bankruptcy court’s reliance on Judge Murphy’s post-judgment statements in its collateral estoppel analysis, and argues that the bankruptcy court should have limited itself to the state court decision and judgment. This argument fails, as California courts have not restricted the doctrine of collateral estoppel to findings explicitly in the judgment or decision. See, e.g., Barker v. Hull, 191 Cal.App.3d 221, 236 Cal.Rptr. 285, 289 (1987) (matters decided in motion to vacate had preclusive effect).
Samuels next argues that even taking into account the state court’s post-judgment statements, the state court never determined that Samuels was a fiduciary, much less a fiduciary within the meaning of section 523(a)(4). However, because the judgment found Samuels liable for breach of fiduciary duty, the state court necessarily found that he had a fiduciary duty. See In re Bugna, 33 F.3d 1054, 1057 (9th Cir.1994) (“[T]he verdict on breach of fiduciary duty subsumed a finding that Bugna owed McArthur a fiduciary duty.”). While Samuels could be a fiduciary under California law without being a fiduciary under section 523(a)(4), see In re Harmon, 250 F.3d 1240, 1249 n. 10 (9th Cir.2001), Judge Murphy’s statements during the post-judgment hearing made clear that she found him to be a section 523(a)(4) fiduciary. During the hearing, Judge Murphy explained that Samuels owed a fiduciary duty due to his control over his various corporations. Because she derived his fiduciary status from his role as a partner in the joint venture, he was a fiduciary within the meaning of section 523(a)(4). See Ragsdale v. Haller, 780 F.2d 794, 796-97 (9th Cir.1986) (“[W]e hold that California partners are fiduciaries within the meaning of § 523(a)(4).”). Samuels’ contention that he himself was never a partner in the joint venture — only his corporations were — is unpersuasive, because the state court in effect found that Samuels stood in the shoes of his corporations and owed any duties they did.
Last, Samuels argues that even if the state court found him to be a fiduciary within the meaning of section 523(a)(4), the bankruptcy court should have refrained from applying collateral estoppel because the state court’s analysis offended “fundamental principles of corporate law.” We reject this argument. The bankruptcy court’s role was not to evaluate the state court’s decision, but merely to determine whether Samuels was precluded from relitigating an issue that had already been determined. Moreover, there is no indication that it is within a bankruptcy court’s discretion to decline to apply collateral estoppel simply because the state court’s analysis was lacking. See, e.g., In re Diamond, 285 F.3d 822, 826 (9th Cir.2002). *694 While certain public policies may limit applicability of collateral estoppel in California, the flawed nature of the prior decision is not one of them. Lucido v. Superior Court, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1226-27 (1990).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.