Filed 5/17/21  IAHLDFAPIMP_PAP v. Noll CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| IAHLDHFAPIMP_PAP, LLC,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>ELIZABETH NOLL,<br><br>      Defendant and Respondent. | D077279<br><br><br><br>(Super. Ct. No. 37-2017-00023167-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E. L. Strauss, Judge.  Reversed and remanded.

Knottnerus & Associates, Mark B. Simpkins; Friedhofer and James Friedhofer for Plaintiff and Appellant.

English & Gloven, Donald A. English and Christy I. Yee, for Defendant and Respondent.

### INTRODUCTION

This appeal arises from a property dispute between neighbors, Plaintiff IAHLDHFAPIMP_PAP, LLC (IAHL) and Defendant Elizabeth Noll (Noll). IAHL alleges Noll unlawfully built certain improvements on IAHL's property and asserted causes of action for trespass, nuisance, quiet title, declaratory

relief, and breach of contract. The improvements are alleged to have been built in either 1988, 1990 or 1991.

The trial court sustained Noll's demurrer to IAHL's trespass and nuisance claims without leave to amend, because it found, as a matter of law, the alleged encroachments were permanent in nature and thus barred by the three-year statute of limitations under Code of Civil Procedure[1] section 338, subdivision (b). Later, the court granted Noll judgment on the pleadings as to the quiet title, declaratory relief, and breach of contract causes of action, concluding they were also time-barred under an unspecified statute of limitations.

Because we find the statute of limitations defense as to each cause of action does not clearly and affirmatively appear on the face of the operative complaint, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*IAHL's Allegations as to the Property Dispute*

IAHL and Noll own adjoining parcels of residential property in Del Mar, California. Noll has lived on her property since 1987. IAHL purchased its property in 2015. In this property dispute, IAHL alleges the following:

In 1988, Noll built "a spa and spa-related improvements" on her property. When she applied for a permit for the improvements from the City of San Diego in 1990, Noll acknowledged in the permit application that she had mistakenly built improvements on a portion of the adjoining property,

---

[1]    All undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

which was then owned by Charles Thomas (Thomas) and is now owned by IAHL.

On July 14, 1990, Thomas granted Noll an easement "to install and maintain landscaping, wall and [a] fence," within an area on his property defined by specific metes and bounds, "incidental to a [s]pa, to be constructed" on Noll's property. The easement's terms are "indefinite" but "shall terminate upon [the] [s]pa being removed, except for temporary removal for the purpose of repair or replacement with another [s]pa." The easement agreement was recorded with the San Diego County Clerk on September 7, 1990.

IAHL alleges "the improvements that were intended to be built in the easement were not existing at the time that the easement was drafted . . . ." Rather, Noll completed construction of "a block wall, fence, and landscaping" in 1990 or 1991.

In 2016, after IAHL purchased the property next to Noll, IAHL obtained a land survey to build an addition to its home. The survey plotted the location of the property line between the IAHL and Noll properties, the easement area, and Noll's improvements. IAHL alleges it discovered "for the first time" through the survey that Noll's improvements "significantly encroach[ed] outside of the [e]asement [area]" and onto IAHL's property. The encroachments included "part of a block wall, a fence, footings, landscaping, and stairs."

IAHL alleges neither it nor any of its predecessors in interest gave Noll permission to install or maintain improvements outside the easement area and onto IAHL's property. When IAHL asked Noll to remove the encroaching improvements, she refused.

3

## II.

### *The Trial Court Proceedings*

#### A.    *Noll's First Demurrer*

On June 26, 2017, IAHL filed a verified complaint against Noll asserting causes of action for trespass, nuisance, quiet title, declaratory relief, and breach of contract.  On its claims for trespass, nuisance, and breach of contract, IAHL sought injunctive relief to have Noll remove all encroaching improvements from its property outside the easement, in addition to damages.

Noll demurred to the trespass claim, asserting it was barred by the three-year statute of limitations under section 338, subdivision (b) because the improvements identified in the complaint "include[d] a spa, part of a block wall, footings, fence, and stairway," which she argued "have been in place for over 29 years" pursuant to an express easement that "allow[ed] the improvements to stay in place . . . ."  As alleged, Noll argued the "nuisance is permanent" and any action for a permanent trespass must be brought within three years of the improvements being installed.

IAHL opposed the demurrer, arguing the statute of limitations defense did not " 'clearly and affirmatively appear' " on the face of the complaint because it did not allege when the improvements were installed.  IAHL also argued the issue of whether the trespass is permanent or continuing is a question of fact for the jury, not to be resolved on demurrer, and the statute of limitations on a continuing trespass had not run so long as the trespass remains unabated.

The trial court sustained Noll's demurrer to the trespass cause of action with leave to amend, concluding that "based upon the allegations in the complaint, the trespass alleged is reasonably construed as a permanent

4

trespass." The claim was, therefore, subject to the three-year statute of limitations under section 338, subdivision (b), and began to run in 1988 when Noll built the improvements.

B.    *Noll's Second Demurrer*

IAHL filed a verified first amended complaint alleging the same five causes of action and again sought injunctive relief as well as damages. Incorporating the same facts that formed the basis of the original complaint, IAHL further alleged "the improvements that were intended to be built in the easement were not existing at the time that the easement was drafted, and were constructed sometime after 1990." It further alleged the encroaching improvements are not apparent from a visual inspection of the property and could not have been discovered through reasonable diligence.

Noll demurred again, asserting the trespass, nuisance, quiet title, and declaratory relief causes of action were all barred by the three-year statute of limitations under section 338, subdivision (b). Noll argued the trespass claim suffered from the same defects as the original complaint. The nuisance, quiet title, and declaratory relief causes of action were similarly time-barred, Noll argued, because the underlying claim for those causes of action is trespass, which the court had already ruled was permanent in nature.

IAHL advanced three reasons the trial court should overrule the second demurrer: (1) the accrual of all statutes of limitations are delayed by the "discovery rule" and did not begin to run until IAHL discovered in 2016 that Noll's improvements were built outside the easement area; (2) the issue of whether a trespass is permanent or continuing is a factual issue that cannot be resolved on demurrer; and (3) the underlying theory of the quiet title claim was Noll's breach of continual contract obligations under the easement

5

agreement, not trespass, and therefore the statute of limitations does not accrue until IAHL elects to declare a breach.

The trial court sustained Noll's second demurrer to IAHL's claims for trespass and nuisance without leave to amend and overruled the demurrer to the claims for quiet title and declaratory relief. Having "already ruled that the trespass at issue is a permanent trespass," the court further explained that "solid structures, such as block walls, fences and footings are generally regarded as permanent" and "[t]here is no reasonable interpretation that the allegations are a continuing trespass, but are a permanent nuisance." Accordingly, the court found the trespass and nuisance claims were barred by the three-year statute of limitations under section 338, subdivision (b).

The court overruled the demurrer to IAHL's claims for quiet title and declaratory relief. Concluding there is no specific statute of limitations for quiet title claims, the court looked to the underlying theory of IAHL's claim to determine the applicable limitations period. It found "the quiet title claim sounds in adverse possession," applied the five-year statute of limitations under sections 318 and 321, and concluded the "triggering event is not alleged" and thus "it is not clear from the face of the complaint" that the quiet title claim is time-barred. The court also overruled the demurrer to the claim for declaratory relief because "[i]t is not clear from the face of the pleadings" that the claim was time-barred.

C.    *Noll's Motion for Judgment on the Pleadings*

On June 19, 2018, IAHL filed a second amended complaint that removed the dismissed trespass and nuisance claims, and asserted causes of action for quiet title, declaratory relief, and breach of contract with the same facts underlying its first amended complaint.

6

Noll moved for judgment on the pleadings as part of her motions in limine at trial. Noll argued IAHL's remaining quiet title, declaratory relief, and breach of contract claims were based on "the same encroachment theory as the previously dismissed trespass and nuisance causes of action"—that is, the same permanent improvements Noll constructed "now almost 30 years" ago—and therefore are similarly time-barred under section 338, subdivision (b). Noll sought an order excluding IAHL's causes of action or for judgment on the pleadings.

In its written opposition to the motion, IAHL argued Noll had not adequately pled the statute of limitations as an affirmative defense. It further argued that its quiet title claim was an action to recover real property and was therefore subject to the five-year statute of limitations under sections 318 and 321, which does not begin to run until each element for adverse possession has been satisfied.

When trial commenced, the trial court heard arguments on Noll's motion. After a lengthy back and forth between counsel, which included discussion of facts outside the pleadings, the court ruled, "Okay. I think the statute has run. [¶] At least three years or five years, I'm not sure. But it doesn't matter. Either one, it's run a long time ago." Accordingly, the court granted Noll's motion for judgment on the pleadings. The court entered judgment of dismissal in favor of Noll on November 27, 2019.

DISCUSSION

I.

*Standard of Review*

IAHL appeals from the judgment of dismissal and the earlier order sustaining Noll's demurrer to its first amended complaint, which became appealable upon entry of final judgment. (*Jennings v. Marralle* (1994) 8

7

Cal.4th 121, 128.) Because "[a] motion for judgment on the pleadings is the equivalent of a demurrer made after the pleadings are in" (*Columbia Casualty Co. v. Northwestern Nat. Ins. Co.* (1991) 231 Cal.App.3d 457, 463), we apply the same standard of review to a judgment on the pleadings and an order sustaining a demurrer (*Barker v. Hull* (1987) 191 Cal.App.3d 221, 224).

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Kirwan*).)

" 'A demurrer challenges only the legal sufficiency of the complaint, not the truth of its factual allegations or the plaintiff's ability to prove those allegations.' " (*Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 310.) The facts alleged in the complaint are "assumed to be true and liberally construed in favor of the party against whom the motion is made." (*Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 565 (*Higgins*).)

Importantly, "for a demurrer based on the statute of limitations to be sustained, the untimeliness of the lawsuit must clearly and affirmatively appear on the face of the complaint and matters judicially noticed." (*Coalition for Clean Air v. City of Visalia* (2012) 209 Cal.App.4th 408, 420 (*Clean Air*).) "This will not be the case unless the complaint alleges every fact which the defendant would be required to prove if he were to plead the bar of the applicable statute of limitation as an affirmative defense." (*Lockley v.*

8

*Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 881 (*Lockley*).)

"It is not sufficient that the complaint *might* be barred." (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 324–325.) "If the dates establishing the running of the statute of limitations do not clearly [and affirmatively] appear in the complaint . . . [t]he proper remedy 'is to ascertain the factual basis of the contention through discovery and, if necessary, file a motion for summary judgment[.]' " (*Ibid.*)

On appeal, "we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory."[2] (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162; *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166 (*Angelucci*).) " 'Fundamentally, unlike trial, the purpose of an appeal is *not* to determine the case on its merits, but to review for trial court error.' " (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 791.)

II.

*Noll's Second Demurrer*

The trial court sustained Noll's second demurrer to IAHL's trespass and nuisance claims without leave to amend, because it found, as a matter of

---

[2] Although Noll agrees that we review a judgment on the pleadings (and a demurrer) de novo, she also suggests we review for abuse of discretion because she styled her motion as both a motion in limine and for judgment on the pleadings. The argument lacks merit, since "in limine motions are *not* designed . . . to replace the dispositive motions prescribed by the Code of Civil Procedure" (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593), and where a trial court's in limine decision disposes of a party's entire cause of action, it is reviewed de novo, with the evidence evaluated in the light most favorable to the nonmoving party (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1282).

law, the alleged encroachments were permanent in nature and thus barred by the three-year statute of limitations under section 338, subdivision (b). IAHL contends the issue of whether an encroachment is permanent or continuing is a question of fact that cannot be resolved on demurrer.

An action "for trespass upon or injury to real property" must be brought within three years of the trespass or injury. (§ 338, subd. (b); *Madani v. Rabinowitz* (2020) 45 Cal.App.5th 602, 607 (*Madani*).)[3] The same three-year statute of limitations applies to a claim for private nuisance damaging real property. (*Madani*, at p. 607.) Because the injury in a trespass or nuisance is an injury to the property itself rather than to the property owner, "the running of the statute of limitations against a claim bars the owner and all subsequent owners of the property." (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1216 (*Beck*).) "In other words, the statute of limitations does not commence to run anew every time the ownership of the property changes hands." (*Ibid.*)

However, the question of *when* the statute of limitations begins to run turns on whether the trespass or nuisance is permanent or continuing. "In general, a permanent nuisance is considered to be a permanent injury to property for which damages are assessed once and for all, while a continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions." (*Beck, supra*, 44 Cal.App.4th at p. 1216.) "In an action on a permanent nuisance, the plaintiff will be permitted to recover both past and prospective damages while in an action on a continuing nuisance prospective damages are unavailable and recovery is limited to actual injury suffered prior to commencement of each action."

---

3    Although IAHL raised *Madani, supra*, 45 Cal.App.5th 602, for the first time at oral argument, we discovered the *Madani* decision through our independent research.

(*Ibid.*)  Thus, if it is a permanent nuisance, "the statute of limitations begins to run on the creation of the nuisance and bars all claims after its passage, while each repetition of a continuing nuisance is considered a separate wrong which commences a new period in which to bring an action for recovery based upon the new injury."  (*Id.* at p. 1217.)  A plaintiff may assert a claim of continuing nuisance even if the initial injury began outside the limitations period, but recovery is limited to past damages incurred in the preceding three-year period.  (*Madani, supra,* 45 Cal.App.5th at p. 605.)  These principles apply equally to claims for trespass.  (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1489.)

Here, IAHL alleged in its first amended complaint that Noll built improvements which significantly encroached outside the easement area and onto its property.  It alleged the encroachments include "part of a block wall, a fence, footings, landscaping, and stairs."   The trial court found these kinds of "solid structures . . . are generally regarded as permanent" and concluded "[t]here is no reasonable interpretation" of IAHL's allegations that they constitute a continuing trespass but are permanent in nature.

Although it can be generalized from earlier decisions that encroachment of solid structures such as buildings, walls, foundations, pipes, vents, and railroad tracks erected on another's property are typically found to be permanent in nature (*Field-Escandon v. DeMann* (1988) 204 Cal.App.3d 228, 233–234 (*Field-Escandon*)), and ongoing disturbances such as noise, vibration or foul odor are generally found to be continuing nuisances that can be abated (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869 (*Baker*)), "each case must be determined upon its own peculiar circumstances with guidance from, but not straightjacket conformance with, earlier decisions" (*Beck, supra*, 44 Cal.App.4th at p. 1217).

11

It is an oversimplification to suggest every solid structure is permanent, or every toxic contamination is continuing. "There is no short and all-inclusive rule for distinguishing between permanent and continuing nuisances." (*Beck, supra,* 44 Cal.App.4th at p. 1217.) Rather than a "rigid distinction" between the types of nuisances, courts have employed "various 'tests' emphasizing different factors which may be considered." (*Ibid.*)

Under the "continuing-use test," a complaint about the location of the defendant's structure may suggest an encroachment, whereas a complaint about the defendant's activities on neighboring land suggests a continuing use. (*Beck*, *supra*, 44 Cal.App.4th at p. 1218, citing *Baker*, *supra*, 39 Cal.3d at pp. 868–870.) Accordingly, the continuing-use test would indicate a plaintiff's complaint about the location of a subsurface oil contamination, rather than ongoing activities of the defendant, is a permanent rather than continuing nuisance. (*Beck,* at p. 1218.)

Under the "impact test," "[t]he salient feature of a continuing trespass or nuisance is that its impact may vary over time." (*Field-Escandon*, *supra*, 204 Cal.App.3d at p. 234.) In other words, a nuisance is continuing if it has "an impact that will repeatedly disturb the property or which may gradually increase over time." (*Beck*, *supra*, 44 Cal.App.4th at p. 1218.)

In this case, the trial court determined the structures complained of by IAHL were permanent under the *Field-Escandon* impact test, finding that "[IAHL] does not argue and there are no allegations that support the conclusion the impact of [Noll's] improvements varies over time." The impact test, however, is not the only, or even the crucial test in distinguishing between a permanent and continuing trespass or nuisance.

The California Supreme Court has held that " '[t]he crucial test of the permanency of a trespass or nuisance is whether the trespass or nuisance can

be discontinued or abated.' " (*Mangini v. Aerojet-General Corp.* (1996) 12 Cal.4th 1087, 1097 (*Mangini II*), quoting *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1148 (*Mangini I*).) And while this is "the test most often stated in contamination cases," (*Beck, supra,* 44 Cal.App.4th at p. 1219), "the test has never been restricted to use in those circumstances." (*Madani, supra,* 45 Cal.App.5th at p. 609 [rejecting the contention that "the abatability test only applies in cases involving 'toxic waste flows,' and is inapplicable to 'encroaching physical structure cases' "].)

Our high court has concluded that " 'abatable' means that the nuisance can be remedied at a reasonable cost by reasonable means." (*Mangini II, supra,* 12 Cal.4th at p. 1103.) Since "virtually everything can be said to be abatable if all other considerations are disregarded," determining what constitutes "reasonable abatement" requires considerations of "such things as the feasible means of, and alternatives to, abatement, the time and expense involved, legitimate competing interests, and the benefits and detriments to be gained by abatement or suffered if abatement is denied." (*Beck, supra,* 44 Cal.App.4th at p. 1220.)

Applying the abatability test here, we cannot conclude from the pleadings that, as a matter of law, Noll's multiple encroachments are permanent in nature. IAHL alleges the encroachments include "part of a block wall, a fence, footings, landscaping, and stairs." While these structures, in theory, may seem like a permanent trespass or nuisance, nothing in the first amended complaint compels the conclusion that these multiple trespasses cannot be reasonably abated, either all together or some individually.

IAHL does not describe the nature of these improvements in great detail. However, it attached a copy of the 2016 land survey map that plotted

13

the encroachments as Exhibit C to the first amended complaint, which provides some further details. (*Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94 ["[E]videntiary facts found in recitals of exhibits attached to a complaint . . . can be considered on demurrer."].) For example, the encroaching "stairs" are described as "wood steps" and there are five steps drawn on the land survey map. The encroaching "fence" is further described as a "wood fence." IAHL could present evidence that a wood fence and five wood steps can be removed or relocated to a non-encroaching location through reasonable means and expense.

The encroaching "block wall" is drawn on the land survey as approximately 50 feet long, with 40 feet of it outside the easement area. The block wall is described as varying from three feet to nine feet high and eight to 12 inches in thickness along its length. At various points, a wood fence of three feet three inches height sits on top of the block wall. Rather than assumptions, the appropriate test for determining whether these multiple encroachments are permanent or continuing is whether, in a reasonable manner and for a reasonable cost, it is feasible to move an encroaching item. This test requires a comparison of the benefits to be gained to the cost and other detriments of moving the item. It cannot just be assumed, without further facts, that a block wall cannot be reasonably abated. Indeed, as the court noted in *Madani*, "property values have risen 'to the point where even modest properties represent small fortunes.' The cost of relocating a boundary fence *or wall* pales in comparison to the property value. Thus, it is difficult to conceive of a case where relocation of a boundary fence *or wall* would be so costly as to render it a permanent encroachment." (*Madani*, *supra*, 45 Cal.App.5th at p. 609, italics added.)

14

We do not agree with IAHL that whether an encroachment is permanent or continuing can never be resolved on demurrer—there may be instances where a complaint clearly alleges the facts necessary to resolve the question as a matter of law. However, "[g]enerally, whether a trespass [or nuisance] is continuing or permanent is a question of fact [subject to proof at trial and] properly submitted to the jury [or trier of fact]." (*Starrh & Starrh Cotton Growers v. Aera Energy LLC* (2007) 153 Cal.App.4th 583, 597; 7 Miller & Starr, Cal. Real Estate (4th ed. 2020) § 17:7, p. 17-26 ["[T]he determination in each case is a question of fact and it is often difficult to determine whether a particular encroachment will be considered temporary or permanent."].) This general proposition is not limited to contamination cases, as Noll urges and the trial court so concluded. We see no principled reason to make that distinction. Here, the question of whether Noll's multiple encroachments could be reasonably abated present a question of fact.

Based on the record on appeal, where it appears the facts of the case have not been fully developed yet, we decline to find, as a matter of law, that Noll's multiple encroachments constituted a permanent trespass or nuisance and are, therefore, time-barred. "[F]or a demurrer based on the statute of limitations to be sustained, the untimeliness of the lawsuit must clearly and affirmatively appear on the face of the complaint and matters judicially noticed." (*Clean Air*, *supra*, 209 Cal.App.4th at p. 420.) For these reasons, on remand, we direct the trial court to vacate its order sustaining the demurrer to IAHL's trespass and nuisance claims and enter a new order overruling the demurrer. Our decision to reverse the trial court's rulings is not a final determination that IAHL's claims were in fact timely filed. This question requires further development of the facts and more specific analysis by the court once those facts are developed.

15

III.

*Noll's Motion for Judgment on the Pleadings*

The trial court granted Noll's motion for judgment on the pleadings as to the second amended complaint, concluding IAHL's remaining causes of action for quiet title, declaratory relief, and breach of contract were time-barred. The court did not, however, specify which statute of limitations it applied to which causes of action. Instead, it simply declared "the statute has run" and whether it's "three years or five years, . . . it doesn't matter . . . [e]ither one, it's run a long time ago." IAHL argues the court erred in concluding the statute of limitations had expired on all of its claims, without separate analysis of each cause of action. We agree.

A "plaintiff is generally permitted to allege different causes of action—with different statutes of limitations—*upon the same underlying facts.*" (*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 605, italics added (*Thomson*).) "A complaint may allege facts involving several distinct types of harm governed by different statutory periods and, where it does so, one cause of action may survive even if another cause of action with a shorter limitations period is barred." (*Ibid.*) The court's "task, therefore, is to determine the statutes of limitations applicable to these separate causes of action, and the timeliness of the causes of action under those statutes." (*Id.* at p. 606.)

Rather than a separate analysis of each cause of action, it appears the court summarily applied a single (and unspecified) statute of limitation to IAHL's quiet title, declaratory relief, and breach of contract causes of action. As we will explain, as to IAHL's quiet title and declaratory relief claims, it matters whether the court applies the limitations period under section 338 or sections 318 and 321, because the triggering event that begins the running of

16

the applicable statute is not the same for both. Further still, neither the three- nor five-year statutes of limitations apply to a breach of contract claim. Instead, IAHL's breach of contract claim is subject to the four-year limitations period under section 337, and the "delayed discovery rule" may apply to preserve that claim. By not engaging in a separate analysis of each cause of action, the court erroneously concluded that the limitations period had expired on all of IAHL's remaining claims.

A.    *Quiet Title and Declaratory Relief Claims*

In its previous order overruling Noll's second demurrer to IAHL's quiet title claim, the trial court concluded the quiet title claim "sounds in adverse possession" and, therefore, the five-year statute of limitations under sections 318 and 321 applied. The court further concluded the "triggering event is not alleged" and thus "it is not clear from the face of the complaint" that the quiet title claim is time-barred. It is unclear to us, given that the first and second amended complaints were essentially the same, but for the omission of the dismissed trespass and nuisance claims, what changed the court's analysis on Noll's motion for judgment on the pleadings.

"To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22.) "The nature of the cause of action and *the primary right involved*, not the form or label of the cause of action or the relief demanded, determine which statute of limitations applies." (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 412, italics added.)

In determining the gravamen of IAHL's quiet title claim, we begin by returning to first principles. In reviewing the sufficiency of a complaint against a general demurrer, "we give the complaint a reasonable

17

interpretation, reading it as a whole and its parts in their context" (*Kirwan*, *supra*, 39 Cal.3d at p. 318) and we assume the facts alleged in the complaint "to be true and liberally construe[ ] [them] in favor of the party against whom the motion is made." (*Higgins*, *supra*, 123 Cal.App.3d at p. 565.) Because IAHL's claim for declaratory relief is based on the same underlying facts and theory of relief as its quiet title claim, we analyze them together. (*Mangini I*, *supra*, 230 Cal.App.3d at p. 1155 ["[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim."].)

In the operative second amended complaint, IAHL's quiet title claim centers on the following allegations: IAHL has legal title to property that Noll is occupying without permission of IAHL or any of its predecessors in interest. IAHL discovered the encroachment only when it obtained a survey to build on its property in 2016. IAHL requested that Noll remove the encroaching structures from its property, but Noll refused. "Noll has made claims of, and to, title to that part of [IAHL's property] containing the [e]ncroachments." "Among other things, Noll claims that she has the right to the continued exclusive use of the encroachment area" and "[t]hose claims are adverse to [IAHL's] title to the [p]roperty." IAHL therefore seeks to quiet title to the disputed portion of its property and injunctive relief requiring Noll to remove the encroaching structures so that IAHL could repossess its property.

Noll argues the gravamen of *all* of IAHL's claims rest in trespass and nuisance, which are permanent in nature, and are therefore barred by the

18

three-year limitations period in section 338, subdivision (b).[4] IAHL asserts the gravamen of its quiet title claim is for the recovery of real property and the five-year limitations period in sections 318 and 321 apply and, importantly, does not begin to run until Noll perfects a claim for adverse possession. We agree with IAHL. Based on IAHL's allegations, its quiet title claim is an action for the recovery of real property, not trespass or nuisance.

*Harrison v. Welch* (2004) 116 Cal.App.4th 1084 (*Harrison)* is instructive, and the facts of *Harrison* are strikingly similar to IAHL's allegations. In *Harrison*, defendant built a woodshed and placed landscaping that partially encroached on a neighboring vacant lot. (*Harrison, supra*, 116 Cal.App.4th at p. 1088.) Seven years later, plaintiffs purchased the vacant lot, surveyed the property line, and discovered the encroachment. (*Ibid.*) Plaintiffs brought an action to quiet title and sought equitable relief to require defendant to remove the encroachments. (*Ibid.*) After a bench trial, the trial court ruled plaintiffs' request for injunctive relief was time-barred under the three-year statute of limitations in section 338 because it concluded the encroachments were permanent. (*Id.* at pp. 1088–1089.)

The Court of Appeal found "the trial court was wrong" in its conclusion.[5] (*Harrison, supra,* 116 Cal.App.4th at p. 1087.) "In seeking to enjoin [defendant]'s encroachment on their property, the [plaintiffs] were

---

[4]     Given our conclusion that the court erred in finding IAHL's trespass and nuisance claims are, as a matter of law, permanent in nature, *ante*, Noll's argument that IAHL's remaining causes of action are time-barred for the same reasons is no longer a viable one, at this juncture.

[5]     The Court of Appeal, however, affirmed the trial court's judgment because the trial court, through an " 'equitable balancing of hardships,' " granted plaintiffs injunctive relief against defendant's encroachments and ordered the removal. (*Harrison, supra,* 116 Cal.App.4th at p. 1089.)

seeking to recover possession of their property from [defendant]." (*Ibid.*) Plaintiffs' cause of action was, therefore, one for the recovery of property, not trespass. (*Ibid.*)

Noll argues *Harrison* is distinguishable from the present case because she never asserted a claim for adverse possession or a prescriptive easement. She makes a similar argument in asserting *Harrison* is distinguishable under *Blackmore v. Powell* (2007) 150 Cal.App.4th 1593 (*Blackmore*). We are not persuaded by either argument.

*Blackmore* involved a suit by adjoining property owners over an easement for " 'parking and garage purposes' " over a defined area. (*Blackmore, supra*, 150 Cal.App.4th at pp. 1596–1597.) On appeal, the *Blackmore* court addressed whether the trial court's ruling entitling plaintiff to build a two-car garage within the geographic boundaries of the easement for plaintiff's exclusive use improperly awarded plaintiff an ownership interest in fee simple rather than an easement. (*Id.* at p. 1598.) *Blackmore* was therefore directed to a party's exclusive use of a structure *within* the geographic boundaries of its easement.

Noll's argument that *Blackmore* applies here erroneously suggests her improvements are within the geographic boundaries of her easement simply because she claims this to be true. However, these are not the facts as IAHL alleged them and, on review, we assume as true the facts properly pled by IAHL in its second amended complaint. (*Angelucci, supra*, 41 Cal.4th at p. 166.) IAHL alleges Noll built and maintained structures that "significantly encroach" *outside* the boundaries of Noll's express easement without permission.

An action to recover property is governed by the five-year limitations period in sections 318 and 321, not the three-year period in section 338.

20

(*Harrison, supra*, 116 Cal.App.4th at p. 1087.) Section 318 provides that "[n]o action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action." (§ 318.)

Section 321, "which should be read with Section 318, establishes the presumption of possession in the legal owner, unless such presumption is rebutted by [ ] actual adverse possession[.]" (*Schoenfeld v. Pritzker* (1967) 257 Cal.App.2d 117, 123.) It provides that "[i]n every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title, for five years before the commencement of the action." (§ 321.)

Read together, sections 318 and 321 mean that "the five-year limitations period for an action to recover real property does not expire unless and until the encroacher's use of the property ripens into either title by adverse possession or a prescriptive easement." (*Harrison, supra*, 116 Cal.App.4th at p. 1087.)

Adverse possession, in turn, requires a claimant to prove: "(1) possession under claim of right or color of title; (2) actual, open, and notorious occupation of the premises constituting reasonable notice to the true owner; (3) possession which is adverse and hostile to the true owner; (4) continuous possession for at least five years; and (5) payment of all taxes assessed against the property during the five-year period." (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.)

21

Thus, the statute of limitations does not accrue on IAHL's quiet title claim until Noll's encroaching use ripens into title by adverse possession or a prescriptive easement. (*Harrison*, *supra*, 116 Cal.App.4th at pp. 1095–1096.) "This must be so, 'otherwise the record owner would be unable to recover possession, and a possessor would be unable to establish title' or a prescriptive easement." (*Id.* at p. 1096.) It cannot be the law that an encroacher may obtain the benefits of adverse possession or a prescriptive easement, while simultaneously circumventing its requirements, merely by building an encroaching structure and awaiting the passage of time. As the trial judge in *Madani* "wisely noted, '[i]n general, the law does not reward those who seize what is not theirs.' " (*Madani*, *supra*, 45 Cal.App.5th at p. 610.)

Whether the statute of limitations has run is a question that can be decided in a judgment on the pleadings, only if IAHL's second amended complaint clearly establishes Noll's entitlement to title by adverse possession or a prescriptive easement. (*Lockley*, *supra*, 91 Cal.App.4th at p. 881 [complaint must allege "every fact which the defendant would be required to prove if he were to plead the bar of the applicable statute of limitation as an affirmative defense" for a demurrer based on the statute of limitations to be sustained].) This is not the case here, as even the trial court itself stated when it earlier denied Noll's demurrer on these same claims: the "triggering event . . . is not clear from the face of the complaint . . . ." It is neither alleged in IAHL's complaint, nor disputed by Noll, that Noll has paid any property taxes on the land seized.

At this stage of the proceedings, we therefore conclude IAHL's quiet title and declaratory relief claims withstand Noll's motion for judgment on the pleadings on statute of limitation grounds.

22

B.      *Breach of Contract Claim*

In its breach of contract claim, IAHL alleges the following facts:  Noll obtained an easement from Thomas, the prior owner of IAHL's lot, "to install certain improvements" on IAHL's property *within specific metes and bounds*. IAHL alleges the easement agreement "constitutes a written contract by and between Noll and [IAHL's] predecessor in interest, . . . Thomas."  Noll "materially breached" the easement agreement by, "among other things, constructing and maintaining the [e]ncroachments outside of the [e]asement area."  In contrast, IAHL alleges that it, and its predecessors in interest, have "fulfilled all of their obligations" under the agreement or are "excused from performance."  IAHL seeks to enforce the parties' agreement on "the boundaries of the easement."

Thus, IAHL's breach of contract claim centers on IAHL's right, as Thomas' successor in interest, to enforce the terms of the easement agreement entered between Thomas and Noll.  While it may involve the same underlying facts, the breach of contract claim is not the same as the claims for trespass or nuisance, as the trial court impliedly concluded when it stated that either the three-year limitations period for trespass under section 338 or five-year limitations period under sections 318 and 321 applied to all of IAHL's remaining claims.[6]  The statute of limitations for breach of a written contract is four years.  (§ 337.)  IAHL is "permitted to allege different causes of action—with different statutes of limitations—upon the same underlying facts."  (*Thomson, supra*, 198 Cal.App.4th at p. 605.)

---

[6]     Although Noll does not separately address this argument in her appellate briefing, as previously discussed, Noll contends *all* of IAHL's claims, including IAHL's breach of contract claim, sound in trespass and nuisance.

23

Generally, "[a] cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running." (*Cochran v. Cochran* (1997) 56 Cal.App.4th 1115, 1120.) However, the delayed discovery rule "may be applied to breaches [of contract] which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 832.) In order to invoke the delayed discovery rule, " '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.) Conclusory allegations do not suffice. (*Ibid.*)

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a cause of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence (or, in this case, the allegations in the complaint and facts properly subject to judicial notice) can support only one reasonable conclusion." (*Broberg v. The Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 921.)

On the record before us, the delayed discovery rule *may* apply to preserve IAHL's breach of contract claim. Here, we must assume to be true IAHL's allegations it learned Noll's multiple encroachments were located outside of the easement only when it obtained a survey to build an addition to its home. We also liberally construe IAHL's allegations that: (1) Noll's encroachments were not apparent from a visual inspection; (2) it is not within the standard of care for homeowners to have a survey done until there is a

24

reason to do so; (3) IAHL did not have a reason to conduct a survey until it planned to expand on its own property; (4) it was reasonable for IAHL to assume Noll and IAHL's predecessor in interest already had a survey done and that Noll installed its improvements within the boundaries of the easement; and (5) it was reasonable for IAHL to rely on the recorded easement.

Based on the above, we find that IAHL adequately pled delayed discovery. At this stage of the proceedings, we need not, and do not, decide when IAHL *reasonably* should have discovered the breach. Instead, we merely decline to conclude, on the limited record before us, that IAHL's breach of contract claim is time-barred.

For these reasons, we direct the trial court on remand to vacate its order granting judgment on the pleadings as to IAHL's quiet title, declaratory relief, and breach of contract causes of action and to enter a new order denying the motion.

## DISPOSITION

The judgment is reversed and the matter is remanded.  On remand, we direct the trial court to vacate the order sustaining Noll's demurrer on IAHL's trespass and nuisance claims without leave to amend, and enter a new order overruling the demurrer.  We further direct the trial court to vacate the order granting Noll's judgment on the pleadings on IAHL's quiet title, declaratory relief, and breach of contract claims and to enter a new order denying the motion.  IAHL shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278, subds. (a)(1) & (2).)


DO, J.

WE CONCUR:



HUFFMAN, Acting P. J.



GUERRERO, J.

26